UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

CASE NO:

TERESA FARIS, on behalf of
herself and all others similarly situated,

    Plaintiff,

v.

DREAMLAND HOLDING COMPANY, LLC,

    Defendant.
_____/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

    Plaintiff, TERESA FARIS ("Faris" or "Plaintiff"), on behalf of herself and all others similarly situated, and pursuant to 29 U.S.C. § 216(b), files this Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, DREAMLAND HOLDING COMPANY LLC ("Dreamland BBQ" or "Defendant"), for its failure to pay Servers federal minimum wages and alleges:

**INTRODUCTION**

    1.    Plaintiff brings this collective action under the Fair Labor Standards Act ("FLSA"), on behalf of herself and all other restaurant Servers who work or have worked at Dreamland BBQ located at 3314 Old Shell Rd., Mobile, AL 36607, during the applicable statute of limitations.

    2.    Defendant committed federal wage violations because it: (1) compensated Restaurant Servers at a sub-minimum wage each hour/week, but failed to provide Plaintiff and all others similarly situated with statutorily required notice of taking a tip credit under the FLSA, and

(2) required Plaintiff and all others similarly situated to more than occasionally perform improper types, and/or excessive amounts, of non-tipped jobs, and non-serving duties.

3. As a result, Plaintiff and all similarly situated Servers have been denied federal minimum wages during various workweeks within the relevant time period.

## PARTIES

4. During all times material hereto, Plaintiff was a citizen of Mobile County, Alabama, over the age of 18 years, and otherwise *sui juris*.

5. Plaintiff and the **FLSA Collective Members** are/were restaurant Servers who worked for Defendant within the last three (3) years at Dreamland BBQ locations.

6. Defendant required Plaintiff and the FLSA Collective Members to perform other jobs/duties, which were not tipped occupations.

7. Beginning in October 2023, Plaintiff worked for Defendant as a non-exempt, hourly restaurant Server at the Dreamland BBQ located at 3314 Old Shell Rd. in Mobile, AL.

8. The proposed collective members worked for Defendant in the same capacity as Plaintiff in that they were non-exempt, restaurant Servers employed by Defendant and subject to the same practices and policies enforced by Defendant at its restaurants.

9. Plaintiff seeks certification of two (2) collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

> **Tip Credit Notice Collective**: All Servers who worked for Defendant during the previous three (3) years preceding this lawsuit who were paid a sub-minimum wage but did not receive proper notice from Defendant that it would be taking a tip credit toward the required federal minimum wage.
>
> **Dual Jobs Collective**: All Servers who worked for Defendant during the previous three (3) years preceding this lawsuit, who were required to perform more than occasional non-tipped jobs/work and non-serving duties during any shift and were

> **paid a reduced tip credit wage for time spent working such non-tipped jobs/work.**

10. The precise size and identity of each collective should be ascertainable from the business records, tax records, and/or personnel records of Defendant; however, Plaintiff estimates that the total number of members in each collective exceeds fifty (50).

11. During all times material hereto, Defendant was a foreign limited liability company operating and transacting business within Mobile, Alabama, within the jurisdiction of this Honorable Court.

12. During all times material hereto, Defendant owned, operated, and controlled the Dreamland BBQ restaurant located at 3314 Old Shell Rd., Mobile, AL 36607.

13. During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of Dreamland BBQ located at 3314 Old Shell Rd., Mobile, AL 36607.

14. Defendant implements uniform pay, tip, and time-keeping practices that apply to all Servers at Dreamland BBQ.

15. Defendant was the "employer" of Plaintiff and all members of the putative Collectives as that term is defined by the FLSA during all times pertinent to the allegations herein.

16. Plaintiff and putative collective members are/were non-exempt, hourly Servers.

## JURISDICTION AND VENUE

17. This action is brought under 29 U.S.C. § 216(b) to recover unpaid wages, liquidated damages, reasonable attorney's fees, and reimbursable costs from Defendant.

18. This Court has federal question jurisdiction over the instant claims.

19. The acts and/or omissions giving rise to this dispute took place within Mobile County, Alabama, which falls within the jurisdiction of this Honorable Court.

20. Defendant regularly transacts business in Mobile County, Alabama and jurisdiction is therefore proper.

21. Venue is also proper within Mobile County, Alabama.

## FLSA COVERAGE

22. Defendant is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two or more employees engaged in commerce or in the production of goods for commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

23. During all time periods pertinent hereto, Defendant's employees regularly handled goods and materials such as napkins, silverware, appliances, pickles, ranch dressing, green onions, eggs, cucumbers cheese, mustard, chicken, spices, onions, hot sauce, celery, mayonnaise, pasta, potatoes, chips, lettuce, tomato, barbeque sauce, pork, steak, prime rib, oil, vinegar, crackers, croutons, turkey, carrots, beef, ketchup, sandwich bread, lemons, vinegar, bread crumbs, cornstarch, sugar, okra, tortilla chips, tortillas, sausages, relish, black tea, bananas, chocolate, vanilla wafers, baked beans, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, flour, coffee, tea, soda, and other goods and materials that had previously travelled through interstate commerce.

24. Defendant had gross annual revenues in excess of $500,000.00 in 2021, 2022, 2023 and is expected to have gross annual revenue in excess of $500,000.00 in 2024.

## GENERAL BACKGROUND

25. Defendant operates a restaurant chain, "Dreamland BBQ," with eleven (11) locations throughout Alabama and Georgia.

26.     Defendant has been in operation since 1958, when it opened its first restaurant in Tuscaloosa, Alabama.[1]

27.     In October 2023, Defendant hired Plaintiff, Teresa Faris, to work as a Server at the Dreamland BBQ located at 3314 Old Shell Road, Mobile, AL 36607.

28.     On or about June 19, 2024, Plaintiff ended her employment with Defendant.

**DEFENDANT FAILS TO PROVIDE RESTAURANT SERVERS WITH SUFFICIENT NOTICE OF THE FLSA TIP CREDIT**

29.     Defendant compensates Servers at an hourly rate below the applicable federal minimum wage.

30.     Defendant compensates its Servers at the rate of $2.13 per hour.

31.     However, Defendant fails to provide its restaurant Servers, including Plaintiff, with notice of its intent to rely on the FLSA tip credit under federal law.

32.     During all times material hereto, Defendant **did not**: (1) provide the full statutorily required tip notice under federal law; or (2) pay the full federal minimum wage.

33.     Plaintiff and the **Tip Credit Notice Collective** members are entitled to recover at least the difference between the tip-credited minimum wage ($2.13) and the federal minimum wage ($7.25) for each hour spent performing work for Defendant within the past 3 years.

**DEFEENDANT REQUIRES SERVERS TO MORE THAN OCCASSIONALLY PERFORM IMPROPER TYPES, OR EXCESSIVE AMOUNTS, OF NON-TIPPED JOBS/WORK AND NON-SERVING DUTIES**

34.     During all times material hereto, Defendant required Plaintiff and all other Servers to arrive at the restaurant for opening shifts at 9:00 a.m. – at least 1 hour before the restaurant was open to the public.

---

[1] *See* "About Us," DreamlandBBQ.com, https://dreamlandbbq.com/about-dreamland/ (last accessed October 8, 2024).

35. The Restaurant opens to the public every day at 10:00 a.m.

36. When Servers are scheduled to open, and do not arrive to the Restaurant by 9:00 a.m. they are considered tardy and subject to disciplinary action.

37. According to Defendant's own website, Dreamland BBQ, located at 3314 Old Shell Rd., Mobile, AL 36607, has the following operational hours:[2]



38. Beginning at 9:00 a.m., when Servers arrive to the restaurant and ***no customers are present***, Defendant requires Servers to perform a variety of non-tipped jobs and other duties related to prepare the restaurant for opening but which are not part of their tip-producing Server jobs.

39. Specifically, for at least one (1) hour preceding their Server shifts, Plaintiff and all other Servers clean the serving sections that they are assigned to work, prepare sweet and unsweet

---

[2] *See* "Dreamland Mobile," https://dreamlandbbq.com/locations/mobile/ (last visited October 11, 2024).

iced-tea, refill ice at the beverage station, cut lemons, wipe-down tables, clean windows, prepare take-out sauces, kill flies, and prepare take-out boxes.

40. During this time, from 9:00 a.m. to 10:00 a.m., when Plaintiff and all other scheduled Servers are performing related and/or unrelated side-work and preparation duties described in the preceding paragraph, they are compensated a sub-minimum wage of $2.13 per hour.

**DEFENDANT FAILS TO COMPLY WITH ELEVENTH CIRCUIT INTERPRETATION AND APPLICATION OF DUAL JOBS REGULATION, 29 C.F.R. § 531.56**

41. On September 15, 2021, the United States Court of Appeals for the Eleventh Circuit held that the Dual Jobs Regulation, 29 C.F.R. § 531.56, is "genuinely ambiguous concerning the amount of time a 'tipped employee' can spend doing untipped but related duties and concerning what tasks constitute related duties." *See Rafferty v. Denny's, Inc.,* 13 F.4th 1166, 1179 (11th Cir. 2021).[3]

42. The Eleventh Circuit further held that "[w]hen we employ the traditional tools of interpretation to determine the meaning of the dual-jobs regulation, we conclude that the regulation prohibits employers from taking the tip credit for hours when an employee performed unrelated duties or performed related duties for more than twenty percent of her time." *Id.* at 1188.

---

[3] On August 23, 2024, the Fifth Circuit Court of Appeals vacated 29 C.F.R. § 531.56(f) ("Final Rule"), on the basis that it was arbitrary, capricious and contrary to FLSA's text. *See Restaurant Law Center v. U.S. Dept. of Labor,* 2024 WL 3911308 (5th Cir. Aug. 23, 2024). However, the 5th Circuit specifically held its rejection of the Final Rule "in no way… bear[s] on the validity of the dual-jobs regulation, which is not challenged." *Id.* at *8. Importantly, in *Restaurant Law Center,* the appellant "stated at oral argument that the dual-jobs regulation is 'mostly fine.'" *Id.* at n.10. Moreover, the 5th Circuit does not address *Rafferty*'s interpretation and application of the dual-jobs regulation. *Id.* Instead, the 5th Circuit cites *Rafferty* but narrows its focus to the court's decision to not extend *Auer* deference to a 2018 revision to the Field Operations Handbook because the revision was not a "reasonable interpretation of the regulation." *Id.* at *4. The 5th Circuit ignores that the 11th Circuit held the 20% limitation was a reasonable interpretation of the Dual Jobs regulation. This is still controlling in the Eleventh Circuit.

43. Accordingly, employers in the Eleventh Circuit are forbidden from taking a tip credit when they compel tipped employees, like Plaintiff, to perform unrelated duties or spend more than 20% of their workweek performing unrelated duties.

44. During all times material hereto, Defendant required Plaintiff and its similarly situated restaurant Servers to perform unrelated duties and related side work duties for more than 20% for the workweek.

45. For example, Plaintiff worked an average of 5 hours per day, 3 days per workweek.

46. Plaintiff and other Servers arrived to work at 9:00 a.m. even though the restaurant did not open to the public until 10:00 a.m.

47. Customers typically did not arrive in the restaurant until 10:30 a.m. or later.

48. Accordingly, Plaintiff and other Servers spent approximately 4.5 out of 15 hours (i.e. 30%) of the workweek performing non-tipped unrelated duties or related side work.

49. Plaintiff and the **Dual Jobs Collective** members are entitled to recover at least federal minimum wage for more than occasional or excessive amounts of non-tipped work and non-serving duties.

50. Plaintiff and the putative collective members performed the same or substantially similar side work for Defendant and were otherwise paid in an identical manner by Defendant.

51. Although Defendant was aware of the requirements of the FLSA, and the pertinent regulations thereto, it has been in operation since 1958, and knew or should have known of the FLSA's requirements, and Defendant willfully and/or intentionally failed to pay Plaintiff and the putative collective members in accordance with federal law.

## COUNT I – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
## (TIP CREDIT NOTICE COLLECTIVE)

52. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 51 as though set forth fully herein.

53. Plaintiff was entitled to be paid the full federal minimum wage in one or more workweeks for certain hours worked during her employment with Defendant.

54. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself and the following similarly situated Tip Credit Notice Collective:

> **Tip Credit Notice Collective: All Servers who worked for Defendant during the previous three (3) years preceding this lawsuit who were paid a sub-minimum wage but did not receive proper notice from Defendant that it would be taking a tip credit toward the required federal minimum wage.**

55. Defendant attempted to rely on the FLSA's tip credit but failed to provide Plaintiff and all other Servers with requisite verbal or written notice of the tip credit required under federal law.

56. Plaintiff and the putative collective of Servers are therefore entitled to receive the full federal minimum wage at the rate of $7.25 per hour for every hour of work within the previous three (3) years.

57. Defendant either willfully chose not to comply with the FLSA's tip credit laws, and deliberately failed to pay the Tip Credit Notice Collective properly or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA.

58. As a result, Defendant either knew, or showed reckless disregard for, the pertinent Tip Credit laws under the FLSA.

59. Defendant knew Plaintiff had performed work but willfully failed to pay Plaintiff the full federal minimum wage, contrary to the FLSA.

60. Defendant could have investigated the requirements of the FLSA at little no cost by accessing the U.S. Department of Labor's publicly available information on wage and hour laws but failed to do so.

61. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during her employment with Defendant.

62. Defendant's willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, TERESA FARIS, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, DREAMLAND HOLDING COMPANY, LLC, and award Plaintiff, and all others similarly situated: (a) unpaid federal minimum wages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

## COUNT II – COLLECTIVE ACTION
## FOR FEDERAL MINIMUM WAGE VIOLATIONS
## (DUAL JOBS COLLECTIVE)

63. Plaintiff re-alleges and re-avers Paragraphs 1 through 51 as though fully set forth herein.

64. Defendant attempted to claim a tip credit under federal law for each hour of work performed by Plaintiff and all other Servers employed at Defendant's restaurants.

65. Defendant required Plaintiff and other Servers working at Defendant's restaurants to arrive and begin work at least one (1) hour before the restaurant opens to the public.

66. More often than not, customers would not arrive to the restaurant until 10:30 a.m.

67. This means that for at least 1.5 hours out of a 5-hour shift, Plaintiff and other Servers were performing non-tipped, unrelated, and/or related tasks and duties for an excessive and/or more than occasional period of time.

68. Plaintiff would typically perform approximately 4.5 hours out of her 15 hours worked on average performing non-tipped, unrelated, and/or related tasks and duties for an excessive and/or more than occasional period of time.

69. Plaintiff and all other similarly situated restaurant Servers are/were entitled to be paid full federal minimum wage for hours worked during their employment with Defendant when they more than occasionally performed improper types of excessive amounts of non-tipped work and non-serving duties.

70. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself, and the following similarly situated Dual Jobs Collective:

> **Dual Jobs Collective**: **All Servers who worked for Defendant during the previous three (3) years preceding this lawsuit, who were required to perform more than occasional non-tipped jobs/work and non-serving duties during any shift and were paid a reduced tip credit wage for time spent working such non-tipped jobs/work.**

71. Defendant violated the FLSA because it required Servers to more than occasionally perform improper types or excessive amounts of non-tipped work and non-serving duties for which Servers were paid a reduced sub-minimum wage of $2.13 per hour.

72. Because Plaintiff and all other similarly situated employees were required to more than occasionally perform improper types, or excessive amounts, of non-tipped work and non-serving duties, Defendant is not permitted to take the applicable tip credit under federal law for work performed during these workweeks.

73. Defendant has been in operation for several years and therefore knew or should have known about the FLSA's prohibition against requiring employees who are paid a sub-minimum wage to more than occasionally perform improper types, or excessive amounts, of non-tipped work and non-serving duties.

74. The Defendant had an obligation to investigate and review its restaurant's policies concerning compliance with rules and regulations concerning the effect side work and non-tipped duties have on a tipped employee's wages and tips.

75. Information concerning the applicability of these rules and regulations were publicly available to Defendant for no charge through the Department of Labor's website.

76. Defendant either willfully chose not to comply with the FLSA's substantial side work regulations, and deliberately failed to pay the Dual Jobs Collective properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA.

77. As a result, Defendant either knew, or showed reckless disregard for, the pertinent Dual Job regulations under the FLSA.

78. Defendant knew Plaintiff more than occasionally performed improper types, or excessive amounts, of non-tipped work and non-serving duties, but willfully failed to pay Plaintiff the full federal minimum wage, contrary to the FLSA.

79. Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

80. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the Collective Members have been damaged in the loss of federal minimum wages for one or more weeks of work.

WHEREFORE, Plaintiff, TERESA FARIS, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, DREAMLAND HOLDING COMPANY, LLC, and award Plaintiff, and all others similarly situated: (a) unpaid federal minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, TERESA FARIS, on behalf of herself and each collective demands a trial by jury on all appropriate claims.

**Date: October 15, 2024**

Respectfully Submitted,

By: *s/ Erby J.Fischer*
ERBY J. FISCHER (ASB-2236-F40E)
MORGAN & MORGAN BIRMINGHAM, PLLC
216 Summit Boulevard, Ste. 300
Birmingham, AL  35243
P: (659) 204-6364
F: (659) 204-6389
E-mail: efischer@forthepeople.com

Andrew R. Frisch
*Pro Hac Vice Forthcoming*
Florida Bar No. 27777
**MORGAN & MORGAN, P.A.**
8151 Peters Road 4th Floor
Plantation, Florida 33324
Ph: (954) 327-5355
E-mail: afrisch@forthepeople.com
*Co-Counsel for Plaintiff and Putative Collective of FLSA Opt-In Plaintiffs*

Jordan Richards
*Pro Hac Vice Forthcoming*
Florida Bar No. 108372
Michael Miller

13

*Pro Hac Vice Forthcoming*
Florida Bar No. 64005
**USA EMPLOYMENT LAWYERS -JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
E-mail: jordan@jordanrichardspllc.com
*Co-Counsel for Plaintiff and Putative Collective of FLSA Opt-In Plaintiffs*

14