IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| TESTA FARIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | 1:24-CV-00381-KD-B |
| DREAMLAND HOLDING COMPANY, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS
COMPLAINT WITH PREJUDICE AND INCORPORATED
MEMORANDUM OF LAW**

COME NOW Plaintiffs Teresa Faris and Jovan Brown (collectively "Plaintiffs"), by and through their undersigned counsel, and Defendant Dreamland Holding Company, LLC ("Dreamland" or "Defendant"), by and through its undersigned counsel, and jointly move the Court to approve the Parties' Settlement Agreement in this case including Plaintiffs' Fair Labor Standards Act ("FLSA") claims, under the terms outlined in the Settlement Agreement and Release attached hereto as Exhibit A. As grounds therefor, the Parties state as follows:

**I.   Procedural History**

On October 15, 2024, Plaintiff Teresa Faris filed a Collective Action Complaint for Damages and Demand for Jury Trial (the "Complaint") in which she

62674370 v2

alleges Dreamland violated the FLSA and sought to represent previously or currently employed Dreamland servers in two separate 29 U.S.C. § 216(b) opt-in collectives. Doc. 1. The Complaint alleges Dreamland violated the FLSA by (1) compensating servers at an hourly rate below minimum wage ($2.13/hour) without providing the tip credit notice required under 29 U.S.C. § 203(m) (the "Tip Credit Notice Claim"); and (2) requiring servers "to more than occasionally perform improper types, and/or excessive amounts, of non-tipped jobs, and non-serving duties" (the "Dual Jobs Claim"). *Id.*

On April 16, 2025, both Teresa Faris and Jovan Brown filed their opt-in consents to join the action. Docs. 33-1, 34-1. Also on April 16, 2025, Plaintiffs filed their Motion for Conditional Certification of FLSA Collective Action, which sought to certify two separate § 216(b) opt-in collective classes to include servers previously or currently employed by Dreamland at all restaurant locations within the three years preceding the lawsuit based on Plaintiffs' Tip Credit Notice Claim and Dual Jobs Claim. Doc. 3. Following briefing by both parties, on July 2, 2025, the Court denied Plaintiffs' Motion for Conditional Certification. Doc. 41.

## II.   Plaintiffs' Allegations

### A.   Plaintiffs' Legal Claims and Factual Basis

Teresa Faris worked as a server at the Dreamland restaurant in Mobile, Alabama from on or about October 4, 2023, to June 19, 2024. Doc. 39-1, Woods

62674370 v2

Dec. ¶12. Jovan Brown worked as a server at the Dreamland restaurant in Duluth, Georgia from on or about September 18, 2024, to November 10, 2024. Doc. 39-1, Woods Dec., ¶13. As discussed above, plaintiffs allege Dreamland violated the FLSA by (1) compensating servers at an hourly rate below minimum wage without providing the tip credit notice required under 29 U.S.C. § 203(m); and (2) requiring servers "to more than occasionally perform improper types, and/or excessive amounts, of non-tipped jobs, and non-serving duties." *Id.*

Plaintiffs allege that the Defendant's actions were willful and/or intentional violations of the FLSA. Doc. 1. Plaintiffs therefore claim the following damages: (1) unpaid federal minimum wages, (2) the tip credit taken by Defendant, (3) an equal amount of liquidated damages, and (4) attorney's fees and costs. *Id.*

B.    **Defendant's Position**

Dreamland denies the Complaint's allegations and contends it complied with each of the FLSA's tip credit laws, rules, and regulations, and that Plaintiffs were lawfully paid for all hours worked during their employment. Doc. 10. In opposition to Plaintiffs' motion for conditional certification, Dreamland provided evidence it (1) verbally provided the information required for a tip credit notice to Servers pursuant to 29 U.S.C. § 203(m), and (2) Servers received and signed a written tip credit notice pursuant to 29 U.S.C. § 203(m). *See* Doc. 38, ¶8 and declarations cited therein. Dreamland provided additional sworn declaration testimony that Servers

3

spend almost all their time serving and waiting on customers and performing tipped duties, and they never spend more than 20% of their time in any workweek in performance of side work. *See* Doc. 38, ¶18 and declarations cited therein.

## III. Discovery

Prior to discovery, the parties responded as required to the Court's Preliminary Scheduling Order for FLSA Cases (Doc. 12), with Teresa Faris providing an accounting of her respective claims in responses to the Court's Interrogatories (Doc. 16-1) and in response, the Defendant served its verified summaries of hours worked, rate of pay and overtime hours during the relevant time period (Doc. 19) on Plaintiffs. Thereafter, the parties exchanged written discovery, including production of Jovan Brown's payroll and time records. *See* Exhibit A.

## IV. Plaintiffs' Alleged Damages[1]

In her answers to the Court's interrogatories (Doc. 16-1), Plaintiff Teresa Faris provided an estimated weekly accounting of her alleged damages based on payroll records reflecting the total number of hours she worked at a reduced hourly rate for total claimed *unliquidated* damages of **$1,893.71**.

Applying the same damages calculation formula, Jovan Brown's total claimed *unliquidated* damages are **$320.97**.

---

[1] Both Faris and Brown worked some non-server hours at minimum wage so not all hours worked were subject to the tip credit.

## V. Terms of the Settlement Agreement and Release

After reviewing Plaintiffs' pay records and their own calculation of damages, as well as the risks and uncertainly of continued litigation of Plaintiffs' disputed claims, the parties agreed to the executed Settlement Agreement and Release set out in Exhibit A. The parties have each met with counsel and understand the terms of the settlement and have confirmed their understanding and acceptance of the settlement terms and conditions.

## VI. Standards for Approval of FLSA Settlements

Generally, the FLSA's provisions are mandatory and not subject to bargaining, waiver, or modification by contract or settlement. *Hogan v. Allstate Bev. Co.*, 2011 U.S. Dist. LEXIS 90767 (M.D. Ala. Aug. 15, 2011). Despite that general rule, a private FLSA suit may be settled under supervision of the court. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc. vs. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

"In reviewing a settlement of an FLSA private claim, a court must 'scrutiniz[e] the settlement for fairness,' and determine that the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Stalnaker*

5

*vs. Novar Corporation*, 293 F. Supp. 2d 1260 (M.D. Ala. 2003) (quoting *Lynn's Food Stores,* 679 F. 2d at 1355). A "bona fide dispute" may be a dispute over the amount of time worked or the back wages due. *Lynn's Food Stores*, 679 F.2d. at 1355. As a general framework, the Court may consider the following factors: "1) the existence of fraud or collusion behind the settlement; 2) the complexity, expense, and likely duration of the litigation; 3) the stage of the proceedings and the amount of discovery completed; 4) the probability of plaintiff's success on the merits; 5) the range of possible recovery; and 6) the opinions of the counsel." *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010).

The Court may also approve the settlement of FLSA claims where there are "problems" that warrant a compromise and settlement. *See, e.g.*, *Moreno v. Regions Bank*, 729 F.Supp.2d 1346 (M.D. Fla. 2010) ("Problems, for example, in proving hours-worked or "non-exempt" status—or the presence of some other lawful defense to payment (if any)—may warrant a reasonable compromise, if the court approves."); *Meek v. Wachovia Corporation,* 2007 WL 2728404, *2 (M.D. Fla. Sept. 17, 2007) ("The settlement to Plaintiff is a reflection of the difficulties of proof Plaintiff faced, should he proceed to trial, and makes allowances for the inherent difficulties and costs of a trial.").

Considering the many issues in dispute and nominal alleged damages, the cost of litigation would certainly exceed the value of Plaintiffs' claims themselves. It is

therefore reasonable for both parties to reach a compromise settlement to resolve Plaintiffs' claims.

## VII. Summary of Factors Favoring Settlement Approval

For the foregoing reasons, the parties jointly submit that the proposed settlement should be approved:

### A. Degree of Recovery

Plaintiffs will receive payment in excess of their actual claimed damages. Given that the parties dispute willfulness, Plaintiffs and Defendant agree these amounts are likely more than what Plaintiffs could potentially recover through trial.

### B. Opinion of Counsel

Both parties are represented by counsel experienced in FLSA cases who were able to press their clients' respective positions to the full extent during settlement discussions. The settlement discussion took place after initial discovery and briefing and the Court's ruling on Plaintiffs' motion for conditional certification, which allowed counsel to fully evaluate the claims and defenses presented and then consider the impact on this litigation.

### C. Absence of Fraud or Collusion

There is no hint that the settlement is the product of fraud or collusion, or otherwise not in the best interest of Plaintiffs. To that end, Plaintiffs' and

62674370 v2

Defendants' counsel agreed that the issue of attorneys' fees and costs be discussed and negotiated separately from the amount that Plaintiffs could recover.

### D. Fairness of Attorneys' Fees and Costs

Where the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, except in circumstances where "the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to is attorney," the Court will generally approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. *Smitherman v. Chow Lao Liew, LLC*, 2016 U.S. Dist. LEXIS 32242, 5-6 (N.D. Ala. Mar. 14, 2016); *Wycoff v. Sani E Zehra, Inc.*, 2016 U.S. Dist. LEXIS 120122, 8-9 (N.D. Ala. Aug. 28, 2014); *Dodd v. Schneider Nat'l Carriers, Inc.*, 2014 U.S. Dist. LEXIS 134026, 6-7 (N.D. Ala. Sept. 24, 2014); *Lyons v. Beef 'O' Brady's*, 2015 U.S. Dist. LEXIS 127377 (S.D. Ala. Sept. 23, 2015); *Patel v. Shree Jalarm, Inc.*, 2013 U.S. Dist. LEXIS 130914, 19-20 (S.D. Ala. Sept. 13, 2013).  Such deference is warranted because "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement" and "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Gross v. Statewide Healthcare Servs.*, 2016 U.S. Dist. LEXIS 62069, 5-6 (S.D. Ala. May 10, 2016).

The parties' settlement separates the amount Plaintiffs could recover from Plaintiffs' attorneys' fees. As attorneys' fees and costs were agreed upon without regard to Plaintiffs' recovery, the Court should approve the settlement agreement's terms in its entirety.

Furthermore, even if the Court were to engage in an analysis of the reasonableness of the fee to be paid to Plaintiffs' counsel, the Court should find the settlement fair and reasonable. The Declaration of Michael V. Miller attached hereto as Exhibit "B" details the qualifications, hourly rates, total number of hours, and total amount of attorneys' fees and costs Plaintiffs' Counsel incurred in this litigation. The Declaration of Michael V. Miller also attaches Plaintiffs' lodestar records and bill of costs as Exhibit 1 and Exhibit 2, respectively. The hourly rates claimed by Plaintiffs' counsel are reasonable considering Plaintiffs' counsel's experience and the legal industry in general. As Plaintiffs' counsel spent approximately 132.76 hours litigating his clients' claims it would be entitled to approximately $42,668.50 in attorneys' fees. In addition, Plaintiffs' counsel incurred $599.14 in costs. *See* Exhibit B.

However, as a result of negotiations, Plaintiffs' counsel reduced his fees and costs to $23,650.00, an approximately forty-four percent (44%) reduction in attorneys' fees. *See* Exhibit B. Accordingly, the Court should award Plaintiffs'

counsel the fees and costs provided for under the settlement agreement as they are fair and reasonable.

## VIII. CONCLUSION

The parties agree that the attached Settlement Agreement and Release is a fair and reasonable compromise of a bona fide dispute over the FLSA claims asserted in this action. It is the product of good faith negotiation, it confers substantial benefits upon the Plaintiffs, and it represents a reasonable compromise in light of the costs and risks associated with further litigation. Accordingly, the parties request that this Court approve the settlement of this cause on the terms and conditions set out in the attached executed Settlement Agreement and Release.

**WHEREFORE,** the Parties pray that this Court enter an order finding that this settlement is a fair and reasonable resolution of this bona fide dispute and that there is no reason why such settlement cannot be implemented according to its terms.

Respectfully submitted,

**USA EMPLOYMENT LAWYERS**
**JORDAN RICHARDS PLLC**
1800 SE 10TH Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiffs*
By: */s/ Michael V. Miller*
*(with express permission)*

JORDAN RICHARDS, ESQUIRE
Florida Bar No. 1108372

**BURR & FORMAN LLP**
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Ph: (205) 251-3000
*Counsel for Defendant*
By: */s/ Amy Jordan Wilkes*

K. Bryance Metheny (METHK8183)
Amy Jordan Wilkes (JORDA2962)
H. Carlton Hilson (HIL072)

*Pro Hac Vice*  
MICHAEL V. MILLER, ESQUIRE  
Florida Bar No. 108372  
*Pro Hac Vice*  
Jordan@JordanRichardsPLLC  
Michael@USAEmploymentLawyers.com

bmetheny@burr.com  
awilkes@burr.com  
chilson@burr.com

**MORGAN & MORGAN, P.A.**  
8151 Peters Road 4th Floor  
Plantation, Florida 33324  
Ph: (954) 327-5355  
*Co-Counsel for Plaintiff and the Putative Collective of FLSA Opt-In Plaintiffs*

Andrew R. Frisch  
ANDREW R. FRISCH, ESQUIRE  
Florida Bar No. 27777  
*Pro Hac Vice*  
AFrisch@forthepeople.com

**MORGAN & MORGAN BIRMINGHAM, PLLC**  
216 Summit Blvd. Suite 300  
Birmingham, AL 35243  
Ph: (659) 204-6364  
*Local Counsel for Plaintiff and the Putative Collective of FLSA Opt-in Plaintiffs*

Erby J. Fischer  
ERBY J. FISCHER, ESQUIRE  
ASB-22336-F40E  
EFischer@forthepeople.com

62674370 v2