IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERESA FARIS, on behalf of herself and all others similarly situated, Plaintiff, | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION No. 24-00381-KD-B |
| DREAMLAND HOLDING COMPANY, LLC, Defendant. | ) ) ) ) | |

## ORDER

This action is before the Court on the Joint Motion to Approve Settlement and Dismiss Complaint with Prejudice. (Doc. 49). Upon consideration, and for the reasons below, the motion is **GRANTED**.

### I.    Background

Defendant Dreamland Holding Company, LLC ("Dreamland") operates eight barbeque restaurants in Alabama and two in Georgia. (Doc. 38 at 7). Dreamland employed Tersa Faris ("Faris") as a server in its Mobile, Alabama restaurant from on or about October 4, 2023, to June 19, 2024. (Doc. 35 at 1; Doc. 38 at 11). Dreamland employed Jovan Brown ("Brown") as a server in its Duluth, Georgia restaurant from on or about September 18, 2024, to November 10, 2024. (Doc. 35 at 4; Doc. 38 at 11).

On October 15, 2024, Faris filed a collective action lawsuit against Dreamland alleging violations of the Fair Labor Standards Act ("FLSA"). (Doc. 1). Faris contends that Dreamland violated the FLSA by: (1) compensating her at an hourly rate below minimum wage without providing the tip credit notice and (2) requiring Faris "to more than occasionally perform improper types, and/or excessive amounts, of non-tipped jobs, and non-serving duties." (Doc. 1 at 1–2).

On April 16, 2025, Faris and Brown filed consents to join the action. (Docs. 33-1, 34-1). The same day, Faris filed the motion for conditional certification of two collective actions: (1) a tip notice collective and (2) a dual jobs collective. (Doc. 35). On July 2, 2025, the Court denied the motion for conditional certification. (Doc. 41).

On July 17, 2025, the Court held a status conference with the parties where the parties mentioned a discussion of a settlement. The Court set a deadline for the parties to file a joint motion for approval of a settlement if one was reached. On September 29, 2025, the parties jointly moved for approval of the settlement and the dismissal of the complaint with prejudice. (Doc. 49).

**II.    Joint Motion to Approve Settlement and Dismiss Complaint with Prejudice**

**1.  The Parties' Positions**

Plaintiffs allege that Dreamland violated the FLSA by (1) compensating servers at an hourly rate below minimum wage without providing a tip credit notice under 29 U.S.C. § 203(m) and by (2) requiring servers "to more than occasionally perform improper types, and/or excessive amounts, of non-tipped jobs, and non-serving duties." (Doc. 1 at 1–2). "Plaintiffs allege that the Defendant's actions were willful and/or intentional violations of the FLSA." (Doc. 49 at 3). "Plaintiffs therefore claim the following damages: (1) unpaid federal minimum wages, (2) the tip credit taken by Defendant, (3) an equal amount of liquidated damages, and (4) attorney's fees and costs." (Id.).

"Dreamland denies the Complaint's allegations and contends it complied with each of the FLSA's tip credit laws, rules and regulations and that Plaintiffs were lawfully paid for all hours worked during their employment." (Id.). Dreamland's position is that it provided evidence that Dreamland "(1) verbally provided the information required for a tip credit notice to Servers pursuant to 29 U.S.C. § 203(m), and (2) Servers received and signed a written tip credit notice

pursuant to 29 U.S.C. § 203(m)." (Id.). Dreamland also states that it "provided additional sworn declaration testimony that Servers spend almost all their time serving and waiting on customers and performing tipped duties, and they never spend more than 20% of their time in any workweek in performance of side work." (Id.).

### 2. Discovery and Alleged Damages

The joint motion explains that the parties responded to the Court's Preliminary Scheduling Order for FLSA Cases. (Doc. 49 at 4) (citing Docs. 12, 16-1, 19). "Thereafter, the parties exchanged written discovery, including production of Jovan Brown's payroll and time records." (Id.).

Faris's answers to the Court's interrogatories provide "an estimated weekly accounting of her alleged damages based on payroll records reflecting the total number of hours she worked at a reduced hourly rate for total claimed *unliquidated* damages of **$1,893.71.**" (Doc. 49 at 4) (citing Doc. 16-1). "Applying the same damages calculation formula, Jovan Brown's total claimed *unliquidated* damages are **$320.97**." (Id.).

### 3. The Settlement Agreement and Release

"After reviewing Plaintiffs' pay records and their own calculation of damages, as well as the risks and uncertainly of continued litigation of Plaintiffs' disputed claims, the parties agreed to the executed Settlement Agreement and Release." (Doc. 49 at 5) (citing Doc. 49-1). "The parties have each met with counsel and understand the terms of the settlement and have confirmed their understanding and acceptance of the settlement terms and conditions." (Id.).

In short, Plaintiffs agree to dismiss with prejudice all of their claims pending in this case "and every underlying or related charge or action." (Doc. 49-1 at 2). Defendant agrees to pay Plaintiffs and their attorneys the gross amount of $27,000." (Id.). Faris will receive $1,500 in

settlement of any wage loss and $1,500 in settlement of any liquidated damages. (Id.). Brown will receive $175 in settlement of any wage loss and $175 in settlement of any liquidated damages. (Id. at 2–3). Plaintiffs' attorneys (USA Employment Lawyers) will receive $23,650 in settlement of any attorney's fees and costs incurred. (Id. at 3).

## III.    Analysis

The FLSA was enacted to protect workers from substandard wages and oppressive hours. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). Because of inherent inequities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory. Id. Thus, FLSA claims are not generally subject to negotiation. Id. However, FLSA lawsuits may be settled or compromised under court supervision if the court determines that the settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1355. In FLSA actions, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

### A.  The parties have a bona fide dispute over FLSA provisions.

Plaintiffs allege that Defendant willfully and/or intentionally violated the FLSA regarding a tip credit notice and a dual jobs requirement. Defendant denies these allegations. Therefore, the parties have a bona fide dispute over FLSA provisions.

### B.  The settlement is a fair and reasonable resolution.

Evaluating the fairness of an FLSA compromise includes an assessment of 1) the existence of fraud or collusion behind the settlement; 2) the complexity, expense and likely duration of the litigation; 3) the stage of the proceedings and amount of discovery completed; 4) the probability of plaintiff's success on the merits; 5) the range of possible recovery; and 6) the opinions of the

counsel. <u>Dees v. Hydradry, Inc</u>., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). The parties address these factors and argue that it is "reasonable for both parties to reach a compromise settlement to resolve Plaintiffs' claims." (Doc. 49 at 8).

An assessment of these factors shows that the settlement is a fair and reasonable resolution. The settlement allows Plaintiffs to receive more than their actual claimed damages without the need to continue litigation, which involves expenses. "Given that the parties dispute willfulness, Plaintiffs and Defendant agree these amounts are likely more than what Plaintiffs could potential recover through trial." (Doc. 49 at 7). This action has been pending over a year, and the parties have completed a significant amount of discovery. There is no evidence of fraud or collusion behind the settlement, and the parties are represented by experienced counsel who both consider the settlement to be fair and reasonable. Thus, the Court is satisfied that the settlement is a fair and reasonable resolution.

**C. The negotiated attorneys' fees and costs are reasonable.**

"The Eleventh Circuit has counseled . . . that, in the contingency fee context, a court reviewing an FLSA settlement must review 'the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" <u>Crabtree v. Volkert, Inc.</u>, No. CIV.A. 11-0529-WS-B, 2013 WL 593500, at *7 (S.D. Ala. Feb. 14, 2013) (quoting <u>Silva v. Miller</u>, 307 F. App'x 349, 351 (11th Cir. 2009)). Normally, the starting point for determining the reasonableness of any attorneys' fee is examined under the "lodestar" method. <u>Caplan v. All Am. Auto Collision, Inc.</u>, 36 F.4th 1083, 1089 (11th Cir. 2022). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate for similar legal services in the relevant legal community. <u>Id.</u>

"However, a lodestar analysis is not always required." <u>Lyons v. Beef 'O' Brady's</u>, No. CV 15-0170-CG-N, 2015 WL 5602452, at *2 (S.D. Ala. Sept. 23, 2015).

> [P]ersuasive district court authority has deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff," except in circumstances where "the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney."

<u>Crabtree</u>, 2013 WL 593500, at *7 (quoting <u>Bonetti v. Embarq Mgmt. Co.</u>, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)). Ultimately, "the determination of a reasonable fee [under the FLSA] is left to the sound discretion of the trial judge." <u>Kreager v. Solomon & Flanagan, P.A.</u>, 775 F.2d 1541, 1543 (11th Cir. 1985).

The parties argue that the lodestar analysis is not required because the attorneys' fee was agreed upon separately and without regard to the amount paid to Plaintiffs. Still, the parties argue that the attorneys' fee is reasonable under the lodestar method based on the Declaration of Michael V. Miller, which "details the qualifications, hourly rates, total number of hours, and total amount of attorneys' fees and costs Plaintiffs' Counsel incurred in this litigation." (Doc. 49 at 9). In sum, Plaintiffs' counsel's firm spent approximately 132.76 hours litigating Plaintiffs' claims, which amounted to approximately $42,668.50 in attorneys' fees and $599.14 in costs. (Doc. 49-2 at 8). As a result of negotiations, Plaintiffs' counsel reduced his fees and costs to $23,650 (an approximately forty-five percent reduction in attorneys' fees). (<u>Id.</u>).

Here, it is undisputed that the parties negotiated the attorneys' fees separately and apart from the settlement. The settlement does not appear unreasonable on its face, and nothing before the Court indicates that Plaintiffs' recovery was subject to any conflict of interests which negatively affected their settlements. Moreover, Plaintiffs' counsel performed a lodestar analysis but agreed to accept a significantly lesser amount as an attorneys' fee. Given the information

6

provided by counsel's declaration and the contents of the billing spreadsheet, the Court is satisfied that the negotiated attorneys' fees and costs in the amount of $23,650 is reasonable.[1]

### IV.    Conclusion

The parties have a bona fide dispute over FLSA provisions, and the parties reached a fair and reasonable resolution. The settlement agreement includes adequate and reasonable attorneys' fees and costs. Therefore, the Joint Motion to Approve Settlement and Dismiss Complaint with Prejudice, (Doc. 49), is **GRANTED**.

Accordingly, the Settlement Agreement and Release, (Doc. 49-1), is **APPROVED**, and this action is **DISMISSED with prejudice**.

A stipulated judgment shall be entered by separate document. <u>Lynn's Food Stores, Inc. v. United States</u>, 769 F. 2d 1350 (11th Cir. 1982); Fed. R. Civ. P. 58(a).

**DONE** and **ORDERED** this **25th** day of **November 2025**.

<u>/s/ Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] By approving the negotiated attorneys' fees amount, the Court is not making a finding that the purported hourly rates in the declaration are reasonable. In fact, the declaration does not address the customary fees in the relevant legal community—Mobile, Alabama. <u>See</u> <u>American Civil Liberties Union of Ga. v. Barnes</u>, 168 F.3d 423, 437 (11th Cir. 1999) (explaining that the relevant legal community is generally the place where the case is filed). However, the court "is itself an expert on the question [of the reasonableness of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." <u>Norman v. Hous. Auth. of City of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting <u>Campbell v. Green</u>, 112 F.2d 143, 144 (5th Cir. 1940)).